David J. Bodney (006065)
email: bodneyd@ballardspahr.com
Daniel Arellano (032304)
email: arellanod@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
*Attorneys for Defendants Phoenix Newspapers, Inc., Gannett Company, Inc., Hugo Publishing Company, Inc. and Dustin Gardiner*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| Bobby Wilson,<br><br>Plaintiff,<br><br>vs.<br><br>Phoenix Newspapers, Inc., Gannett Company, Inc., Hugo Publishing Co. Inc. et al.,<br><br>Defendants. | NO. CV-19-130-TUC-JR<br><br>**MOTION OF DEFENDANTS PHOENIX NEWSPAPERS, INC., GANNETT COMPANY, INC., HUGO PUBLISHING COMPANY, INC. AND DUSTIN GARDINER TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION** |

Defendants Phoenix Newspapers, Inc., Gannett Company, Inc., Hugo Publishing Company, Inc. and Dustin Gardiner, by their undersigned counsel, move to dismiss Plaintiff Bobby Wilson's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Because there are Arizona residents on both sides of the dispute, there is no complete diversity between the parties, and the Court lacks subject-matter jurisdiction.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). More specifically, they "have original jurisdiction over all actions 'arising under the

1

Constitution, laws, or treatises of the United States' and in all civil actions where complete diversity of citizenship exists and the amount in controversy exceeds $75,000." *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1065 (E.D. Cal. 2005) (citing 28 U.S.C. §§ 1331, 1332).

Plaintiff raises no federal cause of action and therefore does not allege federal question jurisdiction under 28 U.S.C. § 1331. Rather, Plaintiff's Complaint asserts only diversity jurisdiction under 28 U.S.C. § 1332. Compl. at 1 ¶ 1.

The diversity jurisdiction statute has "consistently been held to require complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* The statute's history "clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Id.* at 374; *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal."); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967) ("In *Strawbridge v. Curtiss*, 3 Cranch 267 (1806), this Court held that the diversity of citizenship statute required 'complete diversity': where co-citizens appeared on both sides of a dispute, jurisdiction was lost.").

Here, Plaintiff is an Arizona resident. Compl. at 2 ¶ 3 ("Plaintiff, Bobby Wilson (Bobby) is a citizen of the United States and a long-time resident of Pima County, Arizona."). But so are at least two of the Defendants named in his Complaint. Compl. at 2 ¶ 4 ("Defendant, *Phoenix Newspapers, Inc.* (PNI) is incorporated in the state of

2

Arizona.")[1]; Compl. at 3 ¶ 7 ("Defendant, Dustin Gardiner (Dustin), is an employee and reporter for Defendant PNI, and its affiliate *USA Today Network*. He is a resident of Arizona.").[2]

Complete diversity is plainly lacking. There are Arizona residents on both sides of the "v," which makes this a case "where co-citizens appear[] on both sides of a dispute." *Tashire*, 386 U.S. at 530. As a result, there is no diversity jurisdiction under 28 U.S.C. § 1332. Nor is there any federal question jurisdiction under 28 U.S.C. § 1331 alleged in the Complaint. Accordingly, the Complaint must be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

RESPECTFULLY SUBMITTED this 8th day of April, 2019.

BALLARD SPAHR LLP

By: /s/ *David J. Bodney*
David J. Bodney (006065)
Daniel Arellano (032304)
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
*Attorneys for Defendants Phoenix Newspapers, Inc., Gannett Company, Inc., Hugo Publishing Company, Inc. and Dustin Gardiner*

---

[1] A corporation is a resident of every state in which it is incorporated. 28. U.S.C. § 1332(c)(1).

[2] In addition, the Complaint alleges that yet a third Defendant, Allison [sic] Steinbach, is an Arizona resident. Compl. at 3 ¶ 8. To the best of movants' information and belief, Ms. Steinbach has not been served with process as of this writing.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

**CERTIFICATE OF SERVICE**

I certify that on the 8th day of April, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the ECF system for filing and transmitted it to Plaintiff Bobby Wilson via certified mail.

/s/ *Christina M. Kinsey*